[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a seven count complaint dated August 14, 2000, the plaintiff, Sharon Hall, commenced this negligence action on behalf of herself and her minor son, Corey Porter, against the town of Bethel (Bethel), Robert J. Flanagan, Mark Goodwin and Tony Gilotti, seeking compensation for injuries her son sustained when he allegedly slipped and fell while descending a stairway in Bethel High School. On October 20, 2000, Bethel filed a motion to strike count one of the plaintiffs' complaint on the ground that it fails to state a claim upon which relief may be granted. The plaintiffs filed an objection to the motion on January 24, 2001, and a memorandum in support thereof.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the CT Page 5607 motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
In count one of the complaint, the plaintiffs allege, inter alia, that the minor plaintiff's injuries were caused by the negligence and carelessness of Bethel in maintaining the Bethel High School stairway where the fall occurred. Specifically, the plaintiffs allege that because Bethel "owned, possessed, maintained, and/or controlled the premises," Bethel had a duty to properly maintain the stairway, which it breached.
Bethel moves to strike count one on two grounds: (1) Pursuant to General Statutes § 10-220, the board of education of the town of Bethel is responsible for the maintenance of school property, rather than the town and, therefore, Bethel did not owe a duty to the minor plaintiff; and (2) Bethel is immune from liability because maintenance of school property is a governmental duty.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted; internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998).
General Statutes § 10-220 provides in relevant part: "Each local or regional board of education . . . shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes. . . ." Pursuant to this statute, local boards of education are specifically charged with the duty to care for, maintain and operate buildings, lands, apparatus and other property used for school purposes. Local 1186 v. Board of Education, 182 Conn. 93, 100,438 A.2d 12 (1980); see also LaChance v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000,Doherty, J.) ("the city was under no duty to operate and maintain apparatus within the Wilby school"); Russell v. McKenna, Superior Court, judicial district of New London at New London, Docket No. 541208 (February 26, 1998, Handy, J.) ("[t]he duty, therefore, to maintain school property has been delegated to the Board of Education."); Millerv. Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144988 (October 2, 1996, Ryan, J.) (17 Conn.L.Rptr. 667) ("[t]he city has no duty to operate and maintain apparatus on school grounds."); Perrault v. Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 126984 (March 17, 1993, Lewis, J.) ("the city has no duties CT Page 5608 with respect to the operation and maintenance of apparatus on school grounds. . . . [since] [s]uch responsibilities are those of the Board of Education.").
The court concludes that Bethel was under no duty to maintain the Bethel High School stairway where the minor plaintiff was allegedly injured. Accordingly, Bethel's motion to strike count one of the plaintiffs' complaint is granted.[1]
White, J.